Matter of Heffernan v New York City Mayor's Off. of Hous. Recovery Operations (2021 NY Slip Op 04276)





Matter of Heffernan v New York City Mayor's Off. of Hous. Recovery Operations


2021 NY Slip Op 04276


Decided on July 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 08, 2021

Before: Manzanet-Daniels, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 450137/20 Appeal No. 14184 Case No. 2020-04709 

[*1]In the Matter of Dave Brian Heffernan et al., Petitioners-Appellants-Respondents,
v
New York City Mayor's Office of Housing Recovery Operations et al., Respondents-Respondents-Appellants.


Starr, Gern, Davison & Rubin, P.C., New York (Richard T. Welch of counsel), for appellants-respondents.
James E. Johnson, Corporation Counsel, New York (Kate Fletcher of counsel), for respondents-appellants.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 14, 2020, which granted the petition to the extent of vacating a May 21, 2019 determination of the Mayor's Office of Housing Recovery Operations (HRO), and directing HRO to reinstate a grant to petitioners, but denied the remainder of the petition, unanimously modified, on the law and the facts, to the extent of reversing so much of the judgment as was favorable to petitioners, and otherwise affirmed, without costs, and the proceeding brought pursuant to CPLR article 78, dismissed.
An article 78 proceeding must be commenced within four months of the final determination under review (see CPLR 217[1]). Such a proceeding is commenced when the clerk of the court receives the petition in valid form (see generally Matter of Ennis v Annucci, 160 AD3d 1321 [3d Dept 2018]). Although petitioners attempted to file the petition in Queens County within four months, they did not do so in a manner which was then authorized (see CPLR 304[b]; 22 NYCRR 202.5-b[a], 202.5-bb[a]). The petition was returned to petitioners, who filed it after the four-month period had passed. The petition was untimely, and the court had no discretion to extend the statute of limitations (see Matter of Walker v David, 137 AD3d 459, 460 [1st Dept 2016]). Contrary to petitioners' contention, the deficiency in their initial filings is not subject to correction pursuant to CPLR 2001 so as to render the proceeding timely, as the failure to file the papers required to commence a proceeding constitutes a nonwaivable, jurisdictional defect (Ennis at 1322). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 8, 2021